ANCHORAGE, A Municipal Corporation, Appellant,

v.

John Wesley COOK, Appellee.

No. 3914.

Supreme Court of Alaska.

Aug. 17, 1979.

Allen M. Bailey, Municipal Prosecutor, Theodore D. Berns, Municipal Atty., Anchorage, for appellant.

Paul C. O'Connell, Kennelly & Azar, Anchorage, for appellee.

Before BOOCHEVER, C. J., and RABINOWITZ, CONNOR, BURKE and MATTHEWS, JJ.

## OPINION

BURKE, Justice.

A little after midnight on April 3, 1977, Officer Stiehm of the Anchorage Police Department was dispatched to investigate a possible automobile accident in a parking lot at the corner of 3rd and C in downtown Anchorage. In the parking lot he observed an automobile with its front bumper "hung up" on a guardrail. The car's engine was not running but its headlights were on. The key was in the ignition switch in the "on" position. John Wesley Cook, appellee, was lying on the front seat of the car with his feet under the steering wheel and his head toward the passenger side. Cook appeared to be asleep.

Stiehm opened the car door and awakened Cook. When requested to do so, Cook exited the vehicle and walked to the rear of it toward Stiehm's patrol car. Stiehm testified that Cook staggered as he walked. Stiehm asked Cook if he was ill and Cook replied that he was not. When asked how he came to be where he was, Cook explained that he had been driving the car and had swerved to avoid an accident with another vehicle.

Stiehm requested that Cook perform certain field sobriety tests. Cook was unable to stand on one leg for more than a second or two and refused to perform a finger to nose test. At this point Stiehm noted the

odor of intoxicating liquor and arrested Cook for driving while under its influence, in violation of Section 9.28.020 of the Anchorage Municipal Code.[1] After trial by jury Cook was adjudged guilty of the offense charged.

On appeal to the superior court Cook's conviction was reversed. That court held that, while Stiehm had "reasonable grounds to investigate [the] incident," there was "no basis for reasonable suspicion . . . which would give rise to probable cause to effect the opening of appellant's car door, the extrication of appellant, or the field sobriety test which led to the subsequent arrest and blood test of appellant." Thus, the court concluded that Cook's pretrial motion to dismiss should have been granted and reversed his conviction. This appeal followed. We reverse the judgment of the superior court and remand the case with instructions to reinstate Cook's conviction.

## I

■ The first issue that we must address is whether this court has jurisdiction to entertain this appeal. Cook argues that the court lacks jurisdiction because the prosecution is allowed to appeal in criminal cases only as described in AS 22.05.010, namely: (1) to test the sufficiency of the indictment or information and (2) on the ground that the sentence is too lenient.[2]

In *State v. Marathon Oil Co.*, 528 P.2d 293 (Alaska 1974), we rejected an identical argument. Our holding in that case is dispositive of the issue here. *See also State v. Gibson*, 543 P.2d 406, 409 n.6 (Alaska 1975). Cook's argument that *Marathon* "was not correctly decided" is not persuasive.

## II

■ In *Pennsylvania v. Mimms*, 434 U.S. 106, 98 S.Ct. 330, 54 L.Ed.2d 331 (1977), the United States Supreme Court held that following a lawful traffic stop an officer could request that the driver exit his vehicle. In reaching its decision, the Court considered the safety of the officer and balanced this interest against the intrusion into the driver's personal liberty. Characterizing that intrusion as "de minimis" the Court stated that "[w]hat is at most a mere inconvenience cannot prevail when balanced against legitimate concerns for the officer's safety." *Id.* at 111, 98 S.Ct. at 333, 54 L.Ed.2d at 337. The Court further stated:

The touchstone of our analysis under the Fourth Amendment is always "the reasonableness in all the circumstances of the particular governmental invasion of a citizen's personal security." *Terry v. Ohio*, 392 U.S. 1, 19, 88 S.Ct. 1868, 20 L.Ed.2d 889 . . . (1968). Reasonableness, of course, depends "on a balance between the public interest, and the individual's right to personal security free from arbitrary interference by law officers." *United States v. Brignoni-Ponce*, 422 U.S. 873, 878, 95 S.Ct. 2574, 45 L.Ed.2d 607 . . . (1975).

434 U.S. at 108–09, 98 S.Ct. at 332, 54 L.Ed.2d at 335–36. When these interests are balanced in the case at bar, we believe that there is even more reason to sustain the officer's actions than there was in *Mimms*.

When Stiehm arrived on the scene, he had no knowledge of Cook's identity or

---

**1.** Anchorage Municipal Code § 9.28.020 provides in part:

A person who, while under the influence of intoxicating liquor, depressant, hallucinogenic, stimulant or narcotic drugs, as defined in AS 17.10.230(13) and AS 17.12.150(3), operates, drives, or is in actual physical control of an automobile, motorcycle, or other motor vehicle in the municipality, upon conviction, is punishable by a fine of not more than $1,000.00 or by imprisonment for not more than one year, or by both; however upon conviction the court shall impose a sentence of at least 24 hours' imprisonment.

**2.** AS 22.05.010 provides in part:

(a) . . . An appeal to the supreme court is a matter of right, except that the state shall have no right of appeal in criminal cases, except to test the sufficiency of the indictment or information and under (b) of this section.

(b) The supreme court has jurisdiction to hear appeals of sentences of imprisonment lawfully imposed by the superior courts on the grounds that the sentence is excessive or too lenient . . . .

condition. All that he knew about the situation was what he could infer from his observations. As it turned out, Cook was an ordinary citizen asleep or "passed out" in his car. He could, however, have been an armed robber, temporarily disabled by a storekeeper's bullet but still armed and extremely dangerous. Just as easily, he could have been a person suffering a serious heart attack, a stroke victim, or someone suffering from some other condition, such as carbon monoxide poisoning, which if not quickly diagnosed and treated could result in irreparable harm or death.

Under the circumstances, we think that it was entirely reasonable for the officer to open the door to awaken Cook and thereafter request that he get out of his vehicle. This intrusion into Cook's liberty was of little moment when weighed against society's interest in furnishing aid to persons who, in like circumstances, may in fact be in need of immediate medical attention, while at the same time guaranteeing the safety of the investigating officer. Assuming, *arguendo*, that such action amounted to a warrantless search and seizure, we hold that the minimal intrusion was justified under the emergency exception to the warrant requirement and, therefore, not violative of either the fourth amendment to the Constitution of the United States, as made applicable to the states by the fourteenth amendment, or article I, section 14, of the Constitution of the State of Alaska. *See Schraff v. State*, 544 P.2d 834, 841–43 (Alaska 1975).

Thereafter, once the officer noticed that Cook staggered badly as he walked, he had probable cause to administer a field sobriety test. Cook's inability to perform the test that he attempted, together with Stiehm's other observations, then gave him probable cause to arrest Cook for a violation of section 9.28.020. Accordingly, we hold that the superior court erred in concluding that Cook's motion to dismiss should have been granted.

### III

In his appeal to the superior court Cook argued partly that the trial court erred in denying his motion for judgment of acquittal. *See* Rule 29(a), Alaska R.Crim.P. Having concluded that his pretrial motion to dismiss should have been granted, for the reasons previously stated, the superior court elected not to decide this issue. In this appeal Cook renews his argument.

In *Jacobson v. State*, 551 P.2d 935 (Alaska 1976), we affirmed a defendant's conviction on facts similar to those in the case at bar, except that in *Jacobson* the defendant's car was found with its engine running, parked half on and half off the paved portion of a public highway. We held that there was evidence of the defendant's actual physical control of the vehicle because there was "a legitimate inference to be drawn that the defendant had of his own choice placed himself behind the wheel thereof, and had either started the motor or permitted it to run." *Id.* at 938, quoting *State v. Webb*, 78 Ariz. 8, 274 P.2d 338 (1954). Since his own car's engine was not running when he was found, Cook argues that there is no evidence from which the jury could reasonably infer that he had the physical control necessary to constitute the offense of operating a motor vehicle while under the influence of intoxicating liquor. This argument, we believe, lacks merit.

On appeal from a denial of a motion for judgment of acquittal, an appellate court must view the evidence and all inferences that may be drawn therefrom in the light most favorable to the state. *Ladd v. State*, 568 P.2d 960, 969 (Alaska 1977). Cook told Officer Stiehm that he had been driving the vehicle and that he had come to rest on the guardrail after swerving to avoid a collision with another car. This admission, together with the other evidence in the case, provided more than sufficient evidence of the physical control necessary to support the conviction.

REVERSED and REMANDED to the superior court with instructions to enter a judgment affirming Cook's conviction.