Gary GANT, Appellant,

v.

STATE of Alaska, Appellee.

No. A–1059.

Court of Appeals of Alaska.

Jan. 31, 1986.

John B. Salemi, Asst. Public Defender, and Dana Fabe, Public Defender, Anchorage, for appellant.

Maurice M. Richard, Asst. Dist. Atty., Victor C. Krumm, Dist. Atty., Anchorage, and Harold M. Brown, Atty. Gen., Juneau, for appellee.

Before BRYNER, C.J., and COATS and SINGLETON, JJ.

## OPINION

BRYNER, Chief Judge.

Gary R. Gant was convicted after entering a plea of no contest to a charge of issuing a bad check. AS 11.46.280(d)(2). The offense is a class C felony, with a maximum sentence of five years' imprisonment. AS 12.55.125(e). Presumptive terms of two and three years are prescribed for second and subsequent felony offenders. AS 12.55.125(e)(1), (2). Superior Court Judge J. Justin Ripley found that Gant had previously been convicted of two felonies. After finding one aggravating factor to be applicable and rejecting a proposed mitigating factor, Judge Ripley imposed an adjusted presumptive term of five years with two years suspended. Gant appeals, contending that he should not have been sentenced as a third felony offender and that the sentencing court erred in rejecting his proposed mitigating factor. We affirm.

Gant initially challenges the sentencing court's reliance on a 1971 Maryland conviction for burglary in a dwelling. Prior to sentencing, the state gave notice of its intent to rely on this conviction. The state served Gant with an authenticated copy of a docket abstract from the Circuit Court of Baltimore, Maryland. The abstract reflected Gant's conviction of burglary on February 10, 1971. Gant filed an objection to the state's notice, contending that the docket abstract was legally insufficient as evidence of a prior conviction. Gant claimed that only a copy of a formal judgment of conviction would suffice. At the sentencing hearing, however, the prosecution informed Judge Ripley that, for cases occurring before 1974, the docket abstract was apparently the only document reflecting a conviction that was available from the Maryland courts. Judge Ripley accepted this explanation and, in sentencing Gant as a third felony offender, relied on the docket abstract. On appeal, Gant renews the argument that he made below.

The provisions of AS 12.55.145(b)–(e) set out the state's duties with respect to proof of prior convictions for presumptive sentencing purposes:

*Prior convictions.*

\*        \*        \*        \*        \*        \*

(b) When sentence is imposed under this chapter, prior convictions not expressly admitted by the defendant must be proved by authenticated copies of court records served on the defendant or the defendant's counsel at least 20 days before the date set for imposition of sentence.

(c) If the defendant denies the authenticity of a prior judgment of conviction, that the defendant is the person named in the judgment, that the elements of a prior offense committed in another jurisdiction are substantially identical to those of a felony defined as such under Alaska law, or that a prior conviction occurred within the period specified in (a)(1) of this section or if the defendant alleges that two or more purportedly separate prior convictions should be considered a single conviction under (a)(3) of this section, the defendant shall file with the court and serve on the prosecuting attorney notice of denial no later than 10 days before the date set for imposition of sentence. The notice of denial shall include a concise statement of the grounds relied upon and may be supported by affidavit or other documentary evidence.

(d) Matters alleged in a notice of denial shall be heard by the court sitting without a jury. If the defendant introduces substantial evidence that the defendant is not the person named in a prior judgment of conviction, that the judgment is not authentic, that the conviction did not occur within the period specified in (a)(1) of this section, or that a conviction should not be considered a prior felony conviction under (a)(2) of this section, then the burden is on the state to prove the contrary beyond a reasonable doubt. The burden of proof that two or more convictions should be considered a single conviction under (a)(3) of this section is on the defendant by clear and convincing evidence.

(e) The authenticated judgments of courts of record of the United States, the District of Columbia, or of any state, territory, or political subdivision of the United States are prima facie evidence of conviction.

In considering Gant's argument, we must first inquire whether the Maryland docket abstract constituted sufficient evidence of a prior conviction to satisfy the state's initial burden under AS 12.55.145(b). While AS 12.55.145 obviously contemplates that an authenticated copy of a judgment of conviction will routinely be relied on by the prosecution,[1] nothing in the statutory language makes the use of a judgment of conviction the exclusive means of establishing *prima facie* evidence of a prior conviction. Subsection (b) of the statute requires only that the prior conviction be "proved by authenticated copies of court records." Subsection (e) specifies that an authenticated judgment will constitute *prima facie* evidence of conviction, but does not purport to require reliance on a formal judgment of conviction in all cases.

■ In this case, the docket abstract reflected Gant's Maryland conviction and was an authenticated record of the court. Indeed, it was apparently the only record of

conviction currently available from Maryland. Docket abstracts are widely used and have commonly been relied upon in other jurisdictions as *prima facie* evidence of prior convictions. *See, e.g., Harrison v. State,* 465 So.2d 475, 479 (Ala.App.1984); *State v. Grenvik,* 291 Or. 99, 628 P.2d 1195, 1197 (1981). *See also People v. Guillen,* 172 Cal.App.3d 29, 218 Cal.Rptr. 113, 121–22 (1985); *People v. Dean,* 161 Cal. App.3d 493, 207 Cal.Rptr. 688, 694 (1984). *See generally* 3 C. Torcia, *Warton's Criminal Evidence* § 538 at 46–47 (1973). We hold that the Maryland docket abstract satisfied the requirements of AS 12.55.145(b) in the present case.

■ We must next inquire whether Gant's express objection to the docket abstract triggered the state's duty, under AS 12.55.145(c) and (d), to go beyond a *prima facie* showing of the prior Maryland conviction. As we have already noted, Gant's only objection to the Maryland docket abstract was a technical one: that it was insufficient because a copy of the formal judgment of conviction was required under AS 12.55.145(b). Gant did not challenge the authenticity of the docket abstract or allege that he was not the person named in that document. Nor did Gant contest the Maryland conviction on any of the other grounds specified in AS 12.55.145(c). Under these circumstances, the state was under no duty to offer more conclusive proof of the prior Maryland conviction. The *prima facie* showing established by the authenticated copy of the docket abstract was sufficient. Thus, we conclude that Judge Ripley properly found Gant to be subject to sentencing as a third felony offender.

■ Gant separately argues that Judge Ripley erred in rejecting his proposed mitigating factor: that his conduct was among the least serious within the definition of the offense. AS 12.55.155(d)(9). Gant's argument is premised entirely on his assumption that, under AS 11.46.280, the monetary

---

**1.** *See* Commentary to the Alaska Revised Criminal Code, 1978 Senate Journal 1399, Supplement No. 47 at 158–59.

value of his bad checks is the sole determinant of the seriousness of the crime. As Judge Ripley correctly recognized, however, monetary value, while an important consideration, is by no means the only relevant factor. Here, the amount of money involved, over $1,200, was by no means marginal. In addition, the planned and professional manner in which Gant committed the offense reflects on its seriousness. We hold that Judge Ripley did not abuse his discretion in rejecting the proposed mitigating factor.

The sentence is AFFIRMED.