Stephen J. STEWART, Appellant,

v.

STATE of Alaska, Appellee.

No. A–2422.

Court of Appeals of Alaska.

Nov. 10, 1988.

William R. Satterberg, Jr., Law Offices of William R. Satterberg, Jr., Fairbanks, for appellant.

Marlin D. Smith, Asst. Dist. Atty., Harry L. Davis, Dist. Atty., Fairbanks, and Grace Berg Schaible, Atty. Gen., Juneau, for appellee.

Before BRYNER, C.J., and COATS and SINGLETON, JJ.

## OPINION

BRYNER, Chief Judge.

Magistrate Paul K. Verhagen tried Stephen J. Stewart and found him guilty of DWI, AS 28.35.030. Stewart appeals, alleging that the court committed error in denying his motion to dismiss and in sentencing him as a second DWI offender. We affirm the court's denial of the motion to dismiss but remand for further proceedings on the sentencing issue.

On July 23, 1987, while transporting a prisoner north on the Parks Highway, Alaska State Trooper Ellis noticed a car parked on the side of the highway near mile 262 in an area that was not a normal vehicle turnout. The driver, Stewart, appeared to be slumped over his seat. About an hour later, on his return trip, Ellis spotted Stewart's car on the side of the highway at mile 283. Its engine was running, its headlights were on, and Stewart again appeared to be slumped over in his seat.

Ellis pulled his car in behind Stewart, walked up to Stewart's car, and opened the door to the driver's side. According to the trooper, he was concerned that Stewart might have a medical problem, might be sleeping, or might be drunk. Upon opening the door, Ellis smelled a strong odor of alcohol and saw that Stewart's eyes were bloodshot and watery. Ellis asked Stewart for identification. Stewart fumbled with his wallet and had trouble taking his license out. Ellis asked Stewart to perform several field sobriety tests. Stewart failed the tests and was arrested for DWI.

Stewart moved to dismiss the DWI charge on two grounds. First, he contended that his right to privacy was violated when the door to his car was opened by the trooper. Stewart also argued that the trooper lacked probable cause to make a warrantless stop and search of the car. The court denied the motion. Stewart renews these arguments on appeal.

Stewart's arguments assume that Trooper Ellis' actions amounted to a warrantless search. In our view, however, the limited intrusiveness of the trooper's conduct warrants treating the case under the law dealing with investigative stops. In *Coleman v. State*, 553 P.2d 40 (Alaska 1976), the Alaska Supreme Court held that an investigative stop is permissible where "the police officer has a reasonable suspicion that imminent public danger exists or serious harm to persons or property has recently occurred." *Id.* at 46. Relying on *Terry v. Ohio*, 392 U.S. 1, 88 S.Ct. 1868, 20 L.Ed.2d 889 (1968), the court noted that the central inquiry is "the reasonableness in all the circumstances of the particular governmental invasion of a citizen's personal security." *Coleman*, 553 P.2d at 44. According to the court, the governmental interest justifying the official intrusion must be balanced against the invasion of the constitutionally protected interests of the private citizen. The court concluded:

> [T]he police officer must be able to point to specific and articulable facts which, taken together with rational inferences

from those facts, reasonably warrant the intrusion.... And in making that assessment it is imperative that the facts be judged against an objective standard: would the facts available to the officer at the moment of the seizure or the search "warrant a man of reasonable caution in the belief" that the action taken was appropriate?

*Id.* at 45.

■ The test enunciated in *Coleman* was met in the present case. Trooper Ellis believed that Stewart might be drunk, sleeping, or having a medical problem. Stewart was slumped over the wheel of his car, apparently unconscious. The car was running. An hour earlier, Ellis had seen Stewart slumped over the wheel of his car approximately twenty-one miles further away. Ellis obviously had a legitimate interest in determining whether Stewart required assistance. Because Stewart's car was running, Ellis also had an immediate interest in ensuring that Stewart's presence behind the wheel did not pose a public danger. The interference with Stewart's right to privacy was minimal when weighed against such important societal interests. The fact that Ellis could have conceivably attempted to accomplish his purpose less intrusively by first knocking on Stewart's window is not determinative. Ellis had a reasonable suspicion that Stewart either posed an imminent risk of driving while intoxicated or needed immediate medical attention. The trooper was thus justified in opening the car door for the limited purpose of making contact with Stewart.

■ Moreover, even assuming that Ellis' action constituted a warrantless search and seizure, the minimal intrusion in this case would be independently justified under the emergency exception to the warrant requirement. *Anchorage v. Cook*, 598 P.2d 939, 942 (Alaska 1979). We conclude that there was no violation of the fourth amendment in the present case.

Stewart also contends that the court erred when it sentenced him as a second DWI offender. He bases his argument solely on the fact that, at the sentencing hearing, the only evidence of a prior conviction offered by the state was a computer printout of his driving record. The printout indicated that Stewart was convicted of DWI on October 3, 1984. When Stewart objected to the computer printout, the state requested a continuance to obtain proper documentation. Stewart opposed any continuance, arguing that he had a right to be sentenced without further delay and that, in the absence of proper evidence establishing a prior DWI conviction, the court was required to treat him as a first offender.

The court denied the state's motion for a continuance and elected to rely on the computer printout and sentence Stewart as a second DWI offender. In so doing, the court placed the burden on Stewart to move for modification of his sentence if he could establish that he had not previously been convicted.

On appeal, Stewart argues that the trial court erred in relying on the computer printout to establish his prior conviction. Stewart further maintains that, because the state was not prepared with documentary evidence establishing a prior conviction, he was entitled to be treated as a first DWI offender.

■ We agree that the trial court erred in relying on the computer printout to sentence Stewart as a second DWI offender. We believe the issue to be governed by AS 12.55.145(b), which states:

When sentence is imposed under this chapter [Chapter 55, Title 12], prior convictions not expressly admitted by the defendant must be proved by authenticated copies of court records served on the defendant or on the defendant's counsel at least twenty days before the date set for imposition of sentence.

Although the mandatory minimum sentences for DWI are set out in AS 28.35.-030(c), the offense has expressly been made a class A misdemeanor. *See* AS 28.-35.030(b). DWI offenders are therefore subject to the general sentencing provisions of AS 12.55.135. Since DWI sentences are subject to the general sentencing provisions of AS 12.55.135, they qualify as sentences imposed "under this chapter"

for purposes of AS 12.55.145(b). Alaska Statute 12.55.145(b) clearly contemplates that the prosecution must ordinarily bear the burden of proving prior convictions by recourse to authenticated copies of court records. Given the provisions of AS 12.55.-145(b), the trial court erred in relying on a computer printout of Stewart's prior record and in placing upon Stewart the burden of establishing that he had not previously been convicted.

It does not follow, however, that Stewart was entitled to be treated as a first DWI offender. The notice requirements of AS 12.55.145 were plainly drafted with the expectation that sentencing hearings would normally be scheduled for a date substantially later than the date of the verdict or the entry of a plea of guilty or no contest. The expectation accurately reflects the typical procedure for felony sentencing but not for misdemeanor sentencing, which typically follows immediately upon the adjudication of guilt. Literal compliance with the notice requirements of AS 12.55.145 in misdemeanor cases would in effect require the issue of prior convictions to be addressed prior to an adjudication of guilt, a process that would appear to be both premature and highly inefficient.

In the present case, the state was not prepared to proceed at the sentencing hearing with formal proof of Stewart's prior DWI conviction. Our prior decisions suggest that when a mandatory minimum sentence is prescribed for a repeat offender, it would be inappropriate for the court to sentence the defendant as a first offender merely because the state has failed to obtain proof of the prior conviction in time for sentencing. *See, e.g., Hartley v. State,* 653 P.2d 1052 (Alaska App.1982). The normal recourse under such circumstances is a continuance. *See, e.g., Kelly v. State,* 663 P.2d 967, 974 (Alaska App.1983).

In the present case, Stewart's objections to a continuance were based entirely upon the inconvenience and expense of a delay in the sentencing proceedings. These objections do not outweigh the state's legitimate interest in establishing Stewart's prior record of convictions. Thus, although reliance on the computer printout was inappropriate in the absence of an express admission of a prior conviction by Stewart, AS 12.55.145(b), we hold that, under the circumstances, the state was entitled to a brief continuance in order to obtain the appropriate documents.

The conviction is AFFIRMED. The sentence is VACATED, and this case is REMANDED for resentencing.