**Kenneth SATHER, Appellant,**

v.

**STATE of Alaska DIVISION OF MOTOR VEHICLES, DEPARTMENT OF PUBLIC SAFETY, Appellee.**

**No. S–2844.**

Supreme Court of Alaska.

June 30, 1989.

William R. Satterberg, Jr., and Ronald P. Moroni, Law Offices of William R. Satterberg, Jr., Fairbanks, for appellant.

Cameron M. Leonard, Asst. Atty. Gen., Fairbanks, and Grace Berg Schaible, Atty. Gen., Juneau, for appellee.

Before MATTHEWS, C.J., and RABINOWITZ, BURKE, COMPTON and MOORE, JJ.

PER CURIAM.

Kenneth Sather appeals the Division of Motor Vehicles' revocation of his driver's license for driving while intoxicated. Sather argues that the arresting officer was without authority to enter his vehicle, basing his contention on Alaska's right to privacy provision,[1] constitutional search and seizure law,[2] and the "knock and announce" rule.[3] He also argues that the hearing officer erred in using a prior California DWI conviction to revoke his license for the full, one-year period, as authorized for second-time offenders.

Concerning Sather's first argument, the Court of Appeals addressed the same issue in the recent case of *Stewart v. State*, 763 P.2d 515 (Alaska App.1988). In *Stewart*, the appellant was convicted of driving while intoxicated. Prior to the arrest, the trooper noticed a car parked by the side of the highway "in an area that was not a normal vehicle turnout." *Stewart*, 763 P.2d at 516. The driver, Stewart, was slumped over, the engine was running, and the car's headlights were on. According to the trooper, he was concerned that Stewart might have some medical problem. Upon opening the door, the trooper smelled a strong odor of alcohol and observed Stewart's eyes to be bloodshot and watery. *Id.*

On appeal, Stewart contended that his right to privacy was violated when the trooper opened the door to his car. Thus, the trooper lacked probable cause to make a warrantless search of the car. The court of appeals determined that the "limited intrusiveness of the trooper's conduct warrants treating the case under the law dealing with investigative stops." *Id.* (citing *Coleman v. State*, 553 P.2d 40 (Alaska 1976)). The court held that the fact the trooper could have conceivably used less intrusive means to accomplish his purpose was not determinative. It concluded that, given the facts of the case, the interference with Stewart's right to privacy was minimal when weighed against the important social interest of ensuring that the driver did not pose a public danger or need immediate medical attention. *Id.* at 517.

■ The facts in the present case are nearly identical to those in *Stewart*. Here, Sather was found slumped over the wheel of his car. The engine was running, and the headlights were on. The trooper testified that he became concerned for the safety of the individual inside. Upon opening the door, he smelled the strong odor of alcohol. Given these facts, we find *Stewart* to be persuasive. Therefore, applying the rationale found in *Stewart*, the trooper's entry into Sather's vehicle was proper, and the hearing officer did not err in considering such evidence.

■ Sather's second argument concerns the use of a 1983 conviction for DWI in California to increase the license revocation period from 90 days to one year. He argues that (1) the identity of Sather and the person named on the California conviction was not established as being the same person; and (2) the state failed to prove that the prior conviction was constitutionally valid.[4]

---

1.  Alaska Const. art. I, § 22 provides that "[t]he right of the people to privacy is recognized and shall not be infringed."

2.  The U.S. Const. amend. IV states that "[t]he right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated...." *See also supra*, note 1.

3.  The essence of the "knock and announce" rule is that before forcibly entering a building, a police officer must "announce the authority and

purpose of the entry." AS 12.25.100; *see also* 18 U.S.C. § 3109 (1970); *State v. Johnson*, 716 P.2d 1006 (Alaska App.1986).

4.  Sather also claimed he was never notified that he would be considered a second-time offender. However, this is inaccurate, since all the documents he received prior to the hearing that were relevant to his license revocation indicated that any prior DWI convictions would cause his license to be revoked and that no limited license privileges would be extended.

Alaska Statute 28.15.181(c)(2) provides that a person's license can be revoked for a period of one year if the person has had a prior conviction for driving while intoxicated in the last 10 years. Furthermore, convictions from other jurisdictions can be used to enhance the period of revocation. *Carter v. State*, 625 P.2d 313, 315 (Alaska App.1981).

In this case, the California printout was certified to be an accurate copy of the California record. The printout gave the following information: (1) the name of Kenneth Robert Sather, (2) Sather's birthdate of 10/28/49, and (3) a physical description, including his hair and eye color, height and weight, which matched Sather's description. Such evidence could be reasonably considered sufficient to link Sather with the individual named in the California conviction. Under the rules of evidence relative to administrative hearings, evidence is admissible if it is the sort that responsible persons would rely on. *Stigall v. Anchorage Mun. Police & Fire Retirement Bd.*, 718 P.2d 943 (Alaska 1986). Because the hearing officer could reasonably rely on this evidence, he did not err in concluding that Sather was the same person as the Sather convicted of DWI in California.

■ Additionally, Sather argues that the burden was initially on the state to prove his identity, citing *Gant v. State*, 712 P.2d 906, 908 (Alaska App.1986), as his authority. However, in *Gant* the court held that, where a defendant does not deny the authenticity or nature of a prior conviction but objects on technical grounds alone, a docket abstract is sufficient, prima facie evidence of the prior conviction. *Id.* at 908. Under those circumstances, the state was under no duty to offer more conclusive proof of the conviction absent a substantive challenge to the validity of the conviction. *Id.*

Sather has never argued that the California conviction is incorrect or that he is not the same person as the Kenneth Robert Sather identified in the California conviction. Rather, the statement actually made by his attorney was, "we deny the conviction to the extent the State has to prove its proof." In other circumstances where a person *is* challenging the accuracy of the information, it may well be that the state should be required to come forward with further evidence.[5] However, given the fact that Sather has never raised such a challenge, along with the identifying information that was provided, it was not error for the hearing officer to find that the person in the California conviction and Sather were one and the same.

■ Sather further argues that the state failed to meet its burden of proving that the California conviction was not "constitutionally infirm." He essentially argues that the record of the California conviction should show that his plea was knowingly and voluntarily made.

Article IV, § 1 of the United States Constitution requires that the courts of Alaska give full faith and credit to the judgment of another state's court. *State v. Baker*, 393 P.2d 893, 896 (Alaska 1964). Therefore, unless there is reason to believe that Sather's California conviction is somehow "constitutionally infirm," an assertion which Sather has not made, the hearing officer did not err in considering the California conviction.

Therefore, the judgment below is AFFIRMED.

---

5. In fact, the hearing officer stated that should Sather wish to challenge the record's accuracy, "this hearing officer would be open to amending the decision to a 90–day revocation, upon subsequent information indicating that Mr. Sather's record has been corrected."