STATE of Alaska, DEPARTMENT OF PUBLIC SAFETY, DIVISION OF MOTOR VEHICLES, Appellant,

v.

Kim E. FANN, Appellee.

No. S–5143.

Supreme Court of Alaska.

Dec. 3, 1993.

---

Elizabeth Vazquez, Asst. Atty. Gen., Anchorage, and Charles E. Cole, Atty. Gen., Juneau, for appellant.

L. Andrew Robinson, Hartig, Rhodes, Norman, Mahoney & Edwards, Palmer, for appellee.

Before MOORE, C.J., and RABINOWITZ, BURKE, MATTHEWS and COMPTON, JJ.

## OPINION

MOORE, Chief Justice.

## I.  INTRODUCTION

The Department of Public Safety (DPS) appeals the superior court's reversal of Kim E. Fann's license revocation for driving while intoxicated.  The administrative hearing officer revoked the license for ten years, based on prior convictions in Wyoming and Alaska.  The superior court reversed the administrative hearing officer, holding DPS had not met its burden of proving the constitutional validity of Fann's Wyoming conviction.  We reverse the superior court, which misallocated the burden of proof.

## II. FACTS AND PROCEEDINGS

Kim E. Fann has been arrested and convicted several times for driving under the influence of alcohol (DUI) or driving while intoxicated (DWI). In January 1982, Fann was arrested for and pleaded guilty to DUI in Wyoming. He was fined $390 plus $10 in court costs, his driver's license was suspended for 90 days, and he was placed on probation for two years.[1] In March 1986, Fann was convicted of DWI in Alaska. In 1988, Fann again was arrested for DWI in Alaska.

Based on Fann's intoximeter reading of .210, the Palmer Police Department provided him with written notice of the DPS's intent to revoke his license, pursuant to AS 28.15.165(a). Fann requested an administrative review of his license revocation.

Fann's administrative hearing was held in early 1989. At the hearing, he contested the validity of the prior Wyoming conviction. Fann asserted that he was not informed of his constitutional rights prior to entering his guilty plea. He also argued that the Wyoming and Alaska DWI statutes were not substantially similar. Nonetheless, the administrative hearing officer found the statutes were substantially similar and affirmed DPS's action revoking Fann's license for ten years based on the 1986 and 1988 Alaska convictions and the 1982 Wyoming conviction.[2]

Fann appealed the administrative hearing officer's decision to the superior court. He argued the Wyoming conviction should not have been considered because the Wyoming statute was dissimilar to the Alaska statute, and because his prior conviction had been obtained in violation of his due process rights. The superior court found that the statutes were similar. The court remanded the case, directing the hearing officer "to make specific legal and factual findings regarding the validity of Fann's Wyoming conviction under Wyoming law." Because the Division of Motor Vehicles did not schedule another hearing on remand, the court issued a *sua sponte* order stating its intention to affirm the hearing officer's decision unless Fann supplemented his record with material that supported a different conclusion. After Fann moved for reconsideration, the court ruled that DPS had the burden of proving the validity of Fann's Wyoming conviction. DPS submitted documents it had received from the Wyoming court which indicated that "Mr. Fann was present, in custody, when the rights were read"; however, the court ruled DPS had not met its burden of proof to show the constitutionality of the Wyoming conviction. Therefore, the court vacated the hearing officer's decision.

DPS appeals the superior court's decision on several grounds. First, DPS argues that the superior court should not have addressed the legitimacy of Fann's Wyoming conviction. DPS contends that article IV, section 1 of the United States Constitution, the "full faith and credit" clause, barred the superior court from questioning the validity of the prior Wyoming conviction. DPS also maintains that the superior court was without jurisdiction to consider the legality of the out-of-state conviction. In addition, DPS argues that the superior court improperly placed the burden of proving the validity of this conviction on DPS. Finally, DPS asserts that Fann's claim is barred by the equitable doctrine of laches.[3]

## III. DISCUSSION

### A. Standard of Review

Where the superior court has acted as an intermediate appellate court, we

1. During the same period as the Wyoming charge, Fann also was arrested in Idaho. The record is unclear as to the exact date of this offense, but it appears to have occurred in 1981. For this charge, he received a $250 fine and his license was suspended for 90 days. The Idaho arrest was not considered in determining Fann's license revocation in Alaska.

2. Alaska Statute 28.15.181 was amended effective July 1, 1993. The new statute mandates a minimum five year revocation if a person has more than two previous DWI convictions, rather than the ten year minimum found in the previous statute.

3. In its appeal, DPS also argued that the Wyoming statute was substantially similar to the Alaska statute. DPS prevailed on this issue before both the administrative hearing officer and the superior court. Fann does not contest the superior court's ruling on appeal; therefore, this issue is not before us.

give no deference to the superior court's decision. *Public Safety Employees Ass'n v. State,* 799 P.2d 315, 318 n. 3 (Alaska 1990). When reviewing an agency's resolution of questions of law not involving agency expertise, we use the substitution of judgment standard. *Earth Resources Co. v. State, Dep't of Revenue,* 665 P.2d 960, 965 (Alaska 1983).

**B. Should the superior court have considered the validity of Fann's Wyoming conviction?**

DPS argues the superior court should not have questioned the validity of Fann's Wyoming DWI conviction. DPS supports its position with two arguments. First, DPS argues the full faith and credit clause of the United States Constitution bars the court from examining the Wyoming judgment. Secondly, DPS argues the superior court did not have jurisdiction over this question.

**1. Full Faith and Credit**

■ DPS argues the full faith and credit clause, U.S. Const. art. IV, § 1,[4] bars the superior court from considering the validity of Fann's guilty plea in Wyoming. We disagree. The full faith and credit clause does not apply directly here. Only if DPS had sought enforcement of the Wyoming judgment in Alaska would we have had to decide whether the full faith and credit clause mandated the enforcement.[5] Here, DPS has not sought to enforce the Wyoming conviction, but instead sought to use it to enhance Fann's license revocation in Alaska.

**4.** The full faith and credit clause provides: "Full Faith and Credit shall be given in each State to the public Acts, Records, and Judicial Proceedings of every other State." U.S. Const. art. IV, § 1.

**5.** We note that the full faith and credit clause would not mandate enforcement in all cases. For example, the clause would not preclude a challenge to the constitutional validity of a foreign judgment.

> The requirement of full faith and credit is to be read and interpreted in the light of well-established principles of justice, protected by other constitutional provisions which it was never intended to modify or override....

■ Nonetheless, where DPS seeks to use a foreign judgment to enhance a license revocation period in Alaska, we analogize to the full faith and credit clause to give presumptive validity to the foreign judgment. For example, we analogized to the full faith and credit clause in *Sather v. State, Div. of Motor Vehicles,* 776 P.2d 1055, 1057 (Alaska 1989), where we held that

> [a]rticle IV, § 1 of the United States Constitution requires that the courts of Alaska give full faith and credit to the judgment of another state's court. Therefore, unless there is reason to believe that Sather's California conviction is somehow "constitutionally infirm," an assertion which Sather has not made, the hearing officer did not err in considering the California conviction.

Here, we analogize to the full faith and credit clause to give presumptive validity to Fann's Wyoming conviction.

**2. Jurisdiction**

■ DPS next argues that the superior court did not have jurisdiction to review the validity of the Wyoming judgment. DPS argues that the proper forum for contesting the Wyoming conviction would be Wyoming. To reach this conclusion, DPS relies on Alaska Criminal Rule 35.1,[6] which states that post-conviction procedures must be filed with the clerk of court in which the conviction occurred. DPS also cites case law from other jurisdictions. For example,

> [N]o state may obtain, in the tribunals of another jurisdiction, full faith and credit for a judgment which is based upon an unconstitutional law, or is rendered in a proceeding wanting in due process of law enjoined by the fundamental law. Indeed, due process requires that no other jurisdiction shall give effect, even as a matter of comity, to a judgment elsewhere acquired without due process.
> 47 Am.Jur.2d *Judgments* § 1221 (1969) (footnotes omitted).

**6.** Alaska Statute 35.1(c) reads, in part:

> A proceeding is commenced by filing an application with the clerk of the court in which the conviction occurred.

the Supreme Court of Appeals in West Virginia has held that

> [t]he proper forum for attacking the constitutional validity of a prior traffic offense conviction when that offense is the foundation for adverse administrative action by the commissioner of motor vehicles is ... the state courts of the state in which the conviction was initially rendered if it is an out-of-state conviction.

*Shell v. Bechtold,* 175 W.Va. 792, 338 S.E.2d 393, 395 (1985) (quoting *Stalnaker v. Roberts,* 168 W.Va. 593, 287 S.E.2d 166, 166 (1981)) (court refused to address Shell's collateral challenge of Florida DUI conviction and held that the conviction could be used to enhance Shell's license revocation).

Although we have not directly decided this issue, in *Sather* we implicitly rejected West Virginia's approach. 776 P.2d at 1057. In *Sather,* we implied that if a reason exists to believe that a conviction is constitutionally infirm, the superior court may consider the infirmity in deciding whether to use the prior conviction to enhance a license revocation period. *Id.*

Allowing the superior court to consider the validity of the conviction is sound. If an out-of-state DWI conviction truly were entered in violation of a driver's fundamental rights, it would be manifestly unjust to allow that conviction to be used to enhance the license revocation. This approach also corresponds with the sentencing procedures used for criminal DWI prosecutions.

*See Pananen v. State,* 711 P.2d 528 (Alaska App.1985) (Wisconsin DWI conviction could not be used to enhance criminal sentence for Alaska DWI because Wisconsin law did not provide defendant the right to court-appointed counsel for his first offense); *State v. Peel,* 843 P.2d 1249 (Alaska App.1992) (Louisiana DWI conviction could not be used to enhance criminal sentence for Alaska DWI because Louisiana law did not authorize jury trials for criminal offenses carrying a penalty of no more than six months in jail). We have recognized the similarity between the criminal sentencing and civil license revocation procedures in *Barcott v. State, Dep't of Pub. Safety,* 741 P.2d 226, 228 (Alaska 1987) and *Champion v. Department of Pub. Safety,* 721 P.2d 131, 133 (Alaska 1986).

For these reasons, we hold that the superior court had jurisdiction to consider the validity of Fann's Wyoming conviction.

### C. Burden of proof.

The superior court held that DPS did "not carry its burden of proof as to the constitutionality of [Fann's] 1982 Wyoming conviction for use in triggering third-offender status for purposes of a State of Alaska administrative ten-year license revocation." [7] In its brief, DPS argues the court misallocated the burden. We agree.

The superior court appears to have followed a rule used by some jurisdictions in the habitual offender criminal context.

---

7. The superior court did not indicate why it placed the burden of proving the constitutionality of Fann's Wyoming conviction on DPS. The court may have been misled by Fann's counsel. In Fann's Motion for Reconsideration, his counsel informed the court that *Sather* stood for the proposition that if a defendant makes a *prima facie* showing of constitutional infirmity, the state must come forward with a showing of constitutional validity, and the hearing officer must determine the validity issue. Specifically, Fann's counsel averred that "the Supreme Court explicitly stated that the state would be required to justify the constitutional integrity of an out of state conviction at the administrative level *if a proper showing of infirmity was asserted by the defendant.*" This assertion was patently incorrect.

To justify his conclusion, Fann's counsel provided the following quote from *Sather,* 776 P.2d at 1057:

> In other circumstances where a person is challenging the accuracy of the information,

it may well be that the state should be required to come forward with further evidence. (Footnote omitted) [sic] However, given the fact that Sather has never raised such a challenge, along with the identifying information that was provided, it was not error for the hearing officer to find that the person in the California conviction and Sather were one and the same....

[U]nless there is a reason to believe that Sather's California conviction was somehow "constitutionally infirm," an assertion which Sather has not made, the hearing officer did not err in considering the California conviction.

This quote appears to support Fann's contention; however, Fann's counsel failed to disclose to the superior court that the quoted paragraphs were unrelated. Actually, the paragraphs concerned two discrete issues. The ellipsis represents the transition between the two. The first quoted paragraph refers to the issue of whether the state had the burden of proving Fann's identity. The second paragraph refers to whether

**538**

Under this rule, the defendant must make a *prima facie* showing of the constitutional infirmity of a prior conviction. Upon such a showing, the burden shifts to the prosecution to prove the prior conviction's validity by a preponderance of the evidence. *City of Laramie v. Cowden*, 777 P.2d 1089, 1091 (Wyo.1989); *People v. Shaver*, 630 P.2d 600, 605–06 (Colo.1981).

We decline to adopt such a rule. Instead, we hold that where DPS seeks to use a prior foreign conviction to enhance a license revocation, it must prove by a preponderance of the evidence that the prior conviction occurred and that the statutes were substantially similar. *See* AS 28.15.-181(c). If the defendant alleges the prior conviction was void due to a constitutional infirmity, this allegation is an affirmative defense which the defendant must prove by a preponderance of the evidence.[8] *Morrow v. New Moon Homes, Inc.*, 548 P.2d 279, 294 (Alaska 1976) ("The party raising the affirmative defense generally bears the burden of proof as to that issue.").[9]

D. Laches

DPS also argues that Fann's challenge of his prior Wyoming conviction is barred by the equitable doctrine of laches. Because DPS did not raise this claim before the superior court, we will not consider it here. *Williams v. Alyeska Pipeline Serv. Co.*, 650 P.2d 343, 351 (Alaska 1982).

REVERSED and REMANDED.

the state had the burden of proving the conviction was constitutionally sound. Contrary to Fann's counsel's assertion, this court did not "explicitly state" that the state would be required to justify the constitutional integrity of a foreign conviction if a proper showing of infirmity were made.

8. Our conclusion is consistent with the approach taken under the Federal Sentencing Guidelines relating to the enhancement of punishment by prior convictions challenged as unconstitutional. *See Federal Sentencing Guidelines* § 4A1 (1993). Under the guidelines, the defendant bears the burden of establishing the invalidity of the prior conviction. *United States*

*v. Davenport*, 884 F.2d 121, 124 (4th Cir.1989); *United States v. Dickens*, 879 F.2d 410, 412 (8th Cir.1989). This burden is met by a preponderance of the evidence. *See* 1 Phylis Skloot Bamberger & David J. Gottlieb, *Practice Under the Federal Sentencing Guidelines*, § 3[C][1], at 3–15 (1993).

9. DPS argues the superior court erred in finding Fann was not present at the Wyoming advisement of legal rights proceedings and that Criminal Rule 11 was violated. Because we are remanding for further proceedings under the appropriate burdens of proof, we need not review these contentions at this time.