**Edward T. GLASCOCK, Appellant,**

v.

**STATE Of Alaska, DEPARTMENT OF PUBLIC SAFETY, DIVISION OF MOTOR VEHICLES, Appellee.**

No. S–5873.

Supreme Court of Alaska.

Feb. 24, 1995.

Paul E. Olson, Anchorage, for appellant.

Dianne Olsen and Jeff Killip, Asst. Attys. Gen., Anchorage, and Bruce M. Botelho, Atty. Gen., Juneau, for appellee.

Before MOORE, C.J., and RABINOWITZ, MATTHEWS, COMPTON and EASTAUGH, JJ.

## OPINION

EASTAUGH, Justice.

## I. INTRODUCTION

The Alaska Division of Motor Vehicles (DMV) administratively revoked Edward Glascock's Alaska driver's license because he was arrested for driving while intoxicated (DWI) and for failing a breath test. DMV used Glascock's authenticated Arizona driving records reflecting an Arizona DWI conviction to enhance the period of his administrative license revocation. Glascock appeals that use, contending that the statutory scheme requires an authenticated court order showing a prior DWI conviction to enhance the length of his license revocation. He also argues that DMV's use of the Arizona driving records denied him due process. We hold that DMV did not err in using the authenticated Arizona driving records and did not deny Glascock due process.

## II. STATEMENT OF FACTS

Glascock was arrested in Alaska in April 1992 for driving while intoxicated. As provided for by AS 28.15.165, the arresting trooper revoked Glascock's license because Glascock's breath test disclosed a blood alcohol concentration of .197 percent. Glascock requested an administrative hearing before DMV. He claimed that the arresting officer did not have reasonable grounds to believe that Glascock was operating a vehicle while intoxicated and did not properly administer the breath test. Glascock's counsel later waived the scheduled hearing, apparently assuming the license would be revoked for one year, a period agreeable to Glascock.

DMV, however, revoked Glascock's license for five years, from May 15, 1992, through May 14, 1997. The hearing officer found that Glascock had two previous DWI convictions, one in Alaska on February 6, 1992, and one in Arizona on September 23, 1985; the latter conviction was demonstrated by an authenticated computer printout of the Arizona Department of Transportation's records regarding Glascock. The Arizona court which had sentenced Glascock had purged its 1985 Arizona court records.

Glascock appealed the revocation to the superior court, which dismissed the appeal by stipulation and remanded to DMV for a hearing on the appropriate length of license revocation.

At the remand hearing, Glascock argued that DMV could not use his Arizona conviction to enhance the length of his license revocation because (1) no certified copy of the Arizona court judgment existed and (2) the State had previously found that he had only one prior conviction.[1] DMV affirmed the five-year revocation based upon the fact that Glascock had two previous DWI convictions, holding that the computer printout of the Arizona Department of Transportation's records was sufficient proof of a prior conviction to support a five year administrative license revocation.

Glascock again appealed to the superior court. Judge Karl Johnstone held that the use of an authenticated copy of the Arizona Department of Transportation record was permissible and that collateral estoppel did not bar DMV from holding that Glascock had more than one prior conviction.

Glascock now appeals the superior court's holding that the authenticated computer printout of the Arizona Department of Transportation's records may be used to enhance the length of Glascock's license revocation.

## III. DISCUSSION

Glascock argues that DMV must use an authenticated copy of court records to enhance the period of driver's license revocation for DWI. This argument fails.[2]

---

1. Glascock argued that on December 30, 1991, when DMV revoked his license because of his first Alaska DWI conviction, DMV found that Glascock had no prior DWI convictions.

2. We review the hearing officer's decision to enhance the length of Glascock's driver's license revocation independent of the superior court's decision, as the superior court was acting as an

As Judge Karl Johnstone cogently reasoned, *Sather v. State, Division of Motor Vehicles,* 776 P.2d 1055 (Alaska 1989), controls the outcome of this case. Sather was convicted of DWI in Alaska. DMV increased Sather's license revocation period from ninety days to one year because he had previously been convicted of DWI in California. *Id.* at 1057. Proof of the California conviction came from a certified printout of the California record[3] which contained Sather's name, birthdate, and a physical description. *Id.* Sather argued that DMV has the burden to offer more conclusive proof of the previous conviction. *Id.* at 1056. We rejected this argument, holding that the evidence was admissible because the hearing officer could reasonably rely on the accuracy of the certified record. *Id.* at 1057.

The facts of the instant case are similar. DMV received a certified copy of Glascock's Arizona record which contained his name, date of birth, and physical description, along with a statement of a 1985 DWI conviction in which Glascock pled guilty to the charge. Glascock's Alaska driver's license reflects virtually identical personal information.

As it did in *Sather,* here DMV relied on the accuracy of the certified record, and therefore, properly determined that Glascock had two previous DWI convictions. Such reliance was reasonable, especially considering that the Arizona court had purged the actual records from 1985. *See Sather,* 776 P.2d at 1057 ("Under the rules of evidence relative to administrative hearings, evidence is admissible if it is the sort that responsible persons would rely on.").

Glascock claims that *Stewart v. State,* 763 P.2d 515 (Alaska App.1988), is dispositive. In *Stewart,* the court of appeals required that prior DWI convictions must be proven by authenticated copies of court records when used to enhance a mandatory minimum sentence for DWI. *Id.* at 518. The court applied the statutory requirement contained in AS 12.55.145(b). That statute mandates that the prosecution, in a criminal action, has the burden of proving prior convictions. *Id.*

Glascock's reliance on *Stewart,* however, is misplaced. *Stewart* involved AS 12.55.145(b), a criminal sentencing statute, whereas the instant case involves AS 28.15.181(c), a civil administrative license revocation statute. The statute in *Stewart* clearly contemplates that the prosecution bears the burden of proving prior convictions. 763 P.2d at 518. Additionally, AS 12.55.145(b) expressly requires "authenticated copies of court records" for criminal sentence enhancement whereas AS 28.15.181(c) is silent as to the method of proving past DWI convictions for administrative license revocations. Moreover, the Alaska Evidence Rules were applicable in *Stewart,* but expressly do not apply in administrative license revocation proceedings. *See* AS 28.05.141(a) ("Hearings must be informal, and technical rules of evidence do not apply."). As we noted in *Sather,* the admissibility of evidence relative to administrative hearings requires a reasonableness standard. 763 P.2d at 1057. Consequently, Glascock's reliance on the standard set forth in *Stewart* for the criminal sentencing of a DWI defendant is misplaced.

Glascock argues that DMV oversimplifies our holding in *Sather,* contending that the instant case is factually distinguishable. Glascock asserts that Sather never argued that the California conviction was incorrect or that he was not the "Sather" identified in the California conviction, therefore, the California printout was admissible because reasonable persons would rely on it for purposes of identity. In comparison, Glascock claims that he, "by not expressly admitting the prior conviction, challenged the accuracy of the information."

The record contains no assertion by Glascock that the Arizona conviction was substantively flawed. The record shows that Glascock pled guilty to the Arizona DWI charge.

---

intermediate court of appeal. *Haynes v. State, Dep't of Public Safety,* 865 P.2d 753, 754 (Alaska 1993). We use the substitution of judgment standard when reviewing an agency's resolution of questions of law not involving agency expertise. *State, Dep't of Public Safety, Div. of Motor Vehicles v. Fann,* 864 P.2d 533, 536 (Alaska 1993).

3. The *Sather* opinion does not specify whether the California printout was from the California court or DMV.

Glascock never argued that the guilty plea is incorrect. Nor did he deny that he is the "Glascock" referred to in the Arizona record. Glascock's objection is not substantive, but only technical,[4] and thus is without merit.[5]

## IV. CONCLUSION

We conclude that *Sather* controls this case. Therefore, DMV correctly considered Glascock's Arizona DWI conviction in enhancing the length of his administrative driver's license revocation. We AFFIRM the decision of the DMV hearing officer.

## *ORDER*

### IT IS SO ORDERED:

1. Memorandum Opinion and Judgment No. 0755, issued on January 25, 1995, is WITHDRAWN.

2. Opinion No. 4171 is issued on this date in its place.

Entered by direction of the Court at Anchorage, Alaska on February 24, 1995.

**4.** In *Sather*, we discussed the situation when a defendant does not deny the information in DMV records.

> [W]here a defendant does not deny the authenticity or nature of a prior conviction but objects on technical grounds alone, a docket abstract is sufficient, prima facie evidence of the prior conviction. Under those circumstances, the state was under no duty to offer more conclusive proof of the conviction absent a substantive challenge to the validity of the conviction.

*Sather*, 776 P.2d at 1057 (discussing *Gant v. State*, 712 P.2d 906, 908 (Alaska App.1986). We concluded that because Sather did not challenge the accuracy of the information or demonstrate that the out-of-state conviction was "constitutionally infirm," his objection was technical. *Id.* Thus the hearing officer correctly considered the conviction.

**5.** We also hold that Glascock's due process argument is without merit. Glascock does not offer any support for his assertion that an enhanced administrative license revocation violates due process guarantees. Rather, he argues that using a certified driver's record to enhance the revocation denies him due process. As discussed above, the administrative officer properly relied upon Glascock's driving record to support enhancement of his driver's license revocation.