John CRONIN, Appellant,

v.

**MUNICIPALITY OF ANCHORAGE,**
Appellee.

No. 5985.

Court of Appeals of Alaska.

Nov. 5, 1981.

Stan Lewis, Birch, Horton, Bittner, Monroe, Pestinger & Anderson, Anchorage, for appellant.

Elaine Vondrasek, James Ottinger, Municipal Prosecutor, and Theodore D. Berns, Municipal Atty., Anchorage, for appellee.

Before BRYNER, C. J., and COATS and SINGLETON, JJ.

COATS, Judge.

John Cronin has appealed to this court from a plea of no contest which he entered to a municipal charge of operating a motor vehicle while intoxicated. Cronin's plea was entered pursuant to a stipulation with the City of Anchorage whereby Cronin could reserve his right to appeal the denial of a pretrial motion to dismiss the complaint against him under *Cooksey v. State*, 524 P.2d 1251 (Alaska 1974), and *Oveson v. Municipality of Anchorage*, 574 P.2d 801 (Alaska 1978). We dismiss the appeal because we find that it does not comply with the requirements of *Cooksey* and *Oveson*.

Anchorage Municipal Ordinance 9.28.020 [1] provides for two ways in which a person may be convicted of driving while intoxicated. First he may be convicted of operating a motor vehicle while under the influence of intoxicating liquor.[2] Thus he may be convicted because the evidence shows that he is actually impaired in operating a motor vehicle because of his consumption of alcohol or drugs. Second, under AMO 9.28.020(B)(2) he may also be convicted if his blood alcohol is 0.10 per cent or more by weight, whether or not the city can prove that he is impaired because of his consumption of alcohol. The complaint against Cronin alleged simply that he drove while intoxicated, without specifying whether he was charged under AMO 9.28.020(B)(1), (2), or (3).

Cronin filed a pretrial motion to dismiss the complaint, arguing that AMO 9.28.-020(B)(2) creates a conclusive presumption of intoxication which violates the due process clauses of the United States and Alaska Constitutions. This motion was denied by the district court. Cronin then entered into a stipulation to enter a no contest plea, preserving his right to appeal the denial of this motion. The City of Anchorage and Cronin stipulated that if Cronin prevailed on appeal, this decision would result in a dismissal of the charge of driving while intoxicated and that further prosecution would be barred.

On appeal, the City of Anchorage concedes that even if it could not have proceeded to trial in the district court on the theory that Cronin was intoxicated because he was operating a motor vehicle when there was 0.10 percent or more by weight of alcohol in his blood, there was sufficient evidence for the city to attempt to prove that Cronin was operating a motor vehicle while under the influence of alcohol or drugs. In other words, even if the district court had granted Cronin's motion, the city would have been able to try its case. It is therefore clear that the city has agreed to dismiss the driving while intoxicated charge against Cronin in the event he prevails on appeal, not because it would be unable to proceed against Cronin in the event of an adverse legal decision, but in order to obtain a ruling from this court. We have concluded that under *Oveson*, we do not have authority to hear this matter as an appeal. In *Oveson* the court said, "appeals under the *Cooksey* doctrine will not be approved unless it is clearly shown, and the parties have stipulated with trial court approval, that our resolution of the issue reserved for appeal will be dispositive of the entire case." *Oveson v. Municipality of Anchorage*, 574 P.2d at 803 n.4. We believe it is clear that in Cronin's case the issue raised on appeal would not be dispositive. We do not believe

1. AMO 9.28.020 reads in part as follows:

*Driving While Intoxicated.*
A. It is unlawful for any person to commit the crime of driving while intoxicated.
B. A person commits the crime of driving while intoxicated if he operates, drives or is in actual physical control of a motor vehicle:
1. while under the influence of intoxicating liquor, depressant, hallucinogenic, stimulant or narcotic drugs as defined in AS 17.10.-230(13) and AS 17.12.150(3);

2. when there is 0.10 percent or more by weight of alcohol in his blood or 100 milligrams or more of alcohol per 100 milliters of his blood, or when there is 0.10 grams or more of alcohol per 210 liters of his breath; or
3. while he is under the combined influence of intoxicating liquor and another substance.

2. AMO 9.28.020(B)(1) and (3).

that the City of Anchorage, by entering into an agreement that an appellate issue is dispositive of the case when it clearly is not, can avoid the requirements of *Oveson* and *Cooksey*. For this court to hear a *Cooksey* appeal, the record must clearly reflect that the issue before the court is dispositive of the case.[3]

Accordingly, the appeal is DISMISSED and the case is REMANDED.

**3.** Cronin may move to withdraw his plea of nolo contendere under Criminal Rule 11(h).

*See Cooksey v. State,* 524 P.2d at 1256.