**Robert M. McGHEE, Appellant,**

v.

**STATE of Alaska, Appellee.**

No. S–7817.

Supreme Court of Alaska.

Jan. 23, 1998.

---

that it does not. Because McGhee remains convicted of the same DWIs that subjected him to an enhanced revocation, the temporary set-aside of the prior DWI requires no alteration of the original revocation.

## I. BACKGROUND

On October 21, 1994, McGhee was arrested for DWI. After taking and failing a breath test, McGhee was notified that the DMV would revoke his driver's license. Following a hearing on January 9, 1995, before a DMV hearing officer, the DMV issued an order affirming its notice of revocation; since McGhee had previously been convicted of DWI in 1985 and 1989, the period of revocation was fixed at three years. McGhee was represented by counsel at the DMV hearing but did not question the validity of his prior DWI convictions or challenge the enhanced period of revocation. McGhee was informed of his right to appeal the revocation within thirty days but did not do so.

Approximately six months passed. On June 16, 1995, in a district court hearing on his 1994 DWI charge, McGhee moved to set aside his 1989 DWI conviction. He argued that his original plea of no contest in that case was defective because the court failed to expressly advise him of his right to a jury trial. After reviewing the record of the 1989 change of plea hearing, District Court Judge William Fuld granted McGhee's motion and vacated the prior conviction. McGhee immediately re-entered a no contest plea to the 1989 charge; he then pled no contest to the 1994 DWI, and Judge Fuld imposed sentences for both the 1989 and 1994 DWIs.

Another six months later, McGhee returned to the DMV, seeking a reduction of his enhanced period of license revocation. McGhee reasoned that because the withdrawal and re-entry of his no contest plea had changed the conviction date for his 1989 DWI, he now had only one DWI conviction that was entered before the date of his arrest on the 1994 DWI. On this basis, McGhee asked the DMV to "roll back" his three-year license revocation to one year, the mandatory period of revocation for a DWI arrestee with one prior DWI conviction.

Eugene B. Cyrus, Eagle River, for Appellant.

Douglas D. Gardner, Assistant Attorney General, and Bruce M. Botelho, Attorney General, Juneau, for Appellee.

Before MATTHEWS, C.J., and COMPTON, EASTAUGH, FABE and BRYNER, JJ.

## OPINION

BRYNER, Justice.

Robert M. McGhee's driver's license was administratively revoked following his arrest for driving while intoxicated (DWI). The revocation was enhanced to reflect two prior DWI convictions. McGhee subsequently obtained a court order vacating one of the prior convictions and was then reconvicted. Given the new conviction date for the prior DWI, McGhee now has only one DWI conviction predating the arrest that triggered his revocation. Does this change entitle McGhee to a shorter period of revocation? We conclude

The DMV refused to reduce the period of revocation, concluding that the "change in conviction date does not require the [DMV] to reconsider and amend the administrative action entered prior to the court action." The DMV also noted that its hearing officer correctly based the period of revocation "on the record at the time of the hearing" and that McGhee withdrew his plea on the 1989 DWI after the agency action had become final. McGhee appealed to the superior court, which affirmed the DMV's decision. McGhee then filed this appeal.

## II. DISCUSSION

On appeal, McGhee renews the arguments he advanced before the DMV and the superior court. He claims that the June 16, 1995, withdrawal and re-entry of his no contest plea on the 1989 DWI left only one DWI conviction entered prior to his 1994 DWI arrest. McGhee insists that this change in circumstances required the DMV to issue a revised revocation order reflecting the current chronology of his driving record.

We disagree.[1] Under AS 28.15.165, the DMV is authorized to revoke the license of any driver who fails a breath test administered following an arrest for DWI. The period of revocation is fixed at ninety days for drivers who have no DWI convictions within ten years preceding the arrest; that period is enhanced to one year for drivers with one prior conviction and three years for drivers with two prior convictions. *See* AS 28.15.165(d); 28.15.181(c)(1)–(3); 28.35.030(*o*)(4)(A).

For purposes of establishing the number of prior DWI convictions and the resulting period of revocation, two points of reference are critical: the date of the DWI arrest that triggered the revocation and the date of entry of any prior DWI conviction. All DWI convictions entered within the ten-year period immediately preceding the date of the current arrest must be counted in determining the applicable period of revocation. *Wik v. State, Dep't of Pub. Safety*, 786 P.2d 384, 387 (Alaska 1990).[2]

At the time of McGhee's revocation hearing, the DMV hearing officer correctly determined that two DWI convictions had been entered against McGhee within the ten years preceding his 1994 DWI arrest; accordingly, the hearing officer properly ordered McGhee's license revoked for three years. McGhee appeared with counsel at the DMV hearing but did not question the validity of his prior convictions.[3] Under AS 28.15.166(m), McGhee had thirty days to appeal to the superior court the DMV hearing officer's order affirming the revocation. Since McGhee failed to appeal, the hearing officer's decision became final thirty days after its issuance on January 9, 1995.

McGhee has cited no statute or regulation providing for reconsideration of a DMV revocation order after it becomes final. Even in the absence of any express grant of authority to reconsider and modify a final revocation order, however, the DMV may well have inherent modification power when enforcement of the original order would result in manifest injustice.[4] Yet the DMV's

---

**1.** This court gives no deference to a decision of the superior court when it acts in an intermediate appellate capacity. *CH Kelly Trust v. Municipality of Anchorage, Bd. of Equalization*, 909 P.2d 1381, 1382 (Alaska 1996). When, as here, an appeal involves an agency's resolution of questions of law not involving agency expertise, we review the agency's decision *de novo*, exercising our independent judgment. *State, Dep't of Pub. Safety v. Fann*, 864 P.2d 533, 536 (Alaska 1993).

**2.** Moreover, all prior DWIs must be counted separately, "regardless of whether the prior convictions were entered simultaneously." *Tulowetzke v. Dep't of Pub. Safety*, 743 P.2d 368, 371 (Alaska 1987).

**3.** We have previously held that, in an appeal from a DMV license revocation order, the superi-

or court has jurisdiction to consider whether out-of-state DWI convictions are "constitutionally infirm"—that is, if they "truly were entered in violation of a driver's fundamental rights." *State, Dep't of Pub. Safety v. Fann*, 864 P.2d 533, 537 (Alaska 1993). Our recognition in *Fann* of the superior court's authority to consider the constitutionality of out-of-state DWI convictions—which we characterized as having "presumptive validity," *id.* at 536—should not be read as suggesting that DMV hearing officers are empowered to rule on constitutional challenges to facially valid Alaska judgments.

**4.** *Cf. Fann*, 864 P.2d at 537 (indicating avoidance of manifest injustice as the basis for allowing challenges to out-of-state DWI convictions that

decision to deny modification in McGhee's case clearly worked no manifest injustice.

The original three-year revocation order accurately reflected McGhee's then-existing driving record. Continued enforcement of this three-year revocation order might have become manifestly unjust had the district court's later order vacating McGhee's 1989 DWI conviction led to dismissal of the 1989 charge, or to McGhee's acquittal. But in actuality, the set-aside order led almost instantly to McGhee's reconviction for precisely the same crime.

McGhee thus had two prior DWI convictions when he was arrested for his 1994 DWI and when he appeared before the DMV hearing officer in the ensuing revocation proceeding. As a result of his reconviction on the 1989 DWI, he continued to have convictions for the same two offenses when he later returned to the DMV seeking a reduction; only the date of conviction for the 1989 DWI had changed.

Enforcing the original revocation order in light of this mere change in date poses no risk of actual injustice to McGhee.[5] On the other hand, reducing the original period of revocation based solely on this change would result in significant prejudice to the important interest of public safety.

The purpose of Alaska's enhanced license revocation statute is "not ... to visit additional punishment on an offender, 'but in order to protect the public against incompetent and careless drivers.'" *Robinson v. Texas Dep't of Pub. Safety*, 586 S.W.2d 604, 606 (Tex.Civ.App.1979), *quoted with approval in Wik*, 786 P.2d at 387. In applying the enhancement statute, we must bear in mind that "[t]he intent of the legislature must govern and the policies and purposes of the statute should not be defeated." *Id.* (quoting *Belarde v. Municipality of Anchorage*, 634 P.2d 567, 568 (Alaska App.1981)).

Given McGhee's reconviction on the 1989 DWI after his initial conviction was vacated, the DMV's original three-year period of revocation accurately reflects his potential danger as a driver at the time of his arrest for DWI in 1994. Hence, in terms of the community's need for protection, the enhanced period of revocation is still an appropriate societal response.

We have consistently expressed disfavor with the tactical manipulation of DWI conviction dates to avoid enhanced license revocations. *See, e.g., Wik v. State, Dep't of Pub. Safety*, 786 P.2d 384, 387 (Alaska 1990); *Tulowetzke v. Dep't of Pub. Safety*, 743 P.2d 368, 371 (Alaska 1987). McGhee's case involves nothing else. In these circumstances, amendment of the original revocation order was properly denied.

---

"truly were entered in violation of a driver's fundamental rights").

**5.** Any possibility of actual unreliability resulting from the procedural flaw in McGhee's original change of plea hearing was effectively cured by McGhee's reconviction upon his re-entering a no contest plea to the same charge. There is no danger in these circumstances of manifest injustice resulting from enhancement based on a conviction involving actual innocence. Nor is there danger under these circumstances that the change in dates could give rise to actual unfairness stemming from lack of prior notice or lack of an opportunity to reform. *See, e.g., State v. Rastopsoff*, 659 P.2d 630, 636 (Alaska App.1983).

McGhee characterizes his 1989 DWI conviction as "unconstitutional," and thereby suggests that his case involves the form of manifest injustice addressed in *Fann*, 864 P.2d at 537. There we observed that manifest injustice might arise from enhancement of a license revocation based on a prior conviction that was entered in violation of a defendant's fundamental constitutional

rights. *Cf. Pananen v. State*, 711 P.2d 528, 531–32 (Alaska App.1985) (adopting Justice Marshall's concurring opinion in *Baldasar v. Illinois*, 446 U.S. 222, 227–29, 100 S.Ct. 1585, 1587–88, 64 L.Ed.2d 169 (1980)). McGhee's reliance on *Fann* is unavailing. McGhee was allowed to withdraw his original no contest plea because he was not expressly advised of his right to a jury trial. This procedural flaw was a violation of Alaska Criminal Rule 11(c)(2) but did not in itself amount to a constitutional violation. *Cf. Swensen v. Municipality of Anchorage*, 616 P.2d 874, 879 (Alaska 1980) (holding that a similar Rule 11 violation did not call for automatic reversal but was subject to a case-specific harmless error analysis "like other non-constitutional errors"). To the extent that the violation of Rule 11 might be characterized as constitution-related because the rule's advisement requirement effectuates the constitutional right to a jury trial, this is not the type of fundamental constitutional violation contemplated in *Fann*.

### III. CONCLUSION

The superior court's decision affirming the DMV's denial of reconsideration is AFFIRMED.