David A. TYLER, Appellant,

v.

STATE of Alaska, Appellee.

No. A–7779.

Court of Appeals of Alaska.

May 18, 2001.

Eugene B. Cyrus, Eagle River, for Appellant.

Douglas H. Kossler, Assistant Attorney General, Office of Special Prosecutions and Appeals, Anchorage, and Bruce M. Botelho, Attorney General, Juneau, for Appellee.

Before COATS, Chief Judge, and MANNHEIMER and STEWART, Judges.

*OPINION*

MANNHEIMER, Judge.

David A. Tyler was convicted of felony DWI—*i.e.*, driving while intoxicated after having been twice before convicted of DWI and/or breath-test refusal within the preced-

ing five years.[1] He now appeals his conviction to this court. Tyler concedes that he is guilty of driving while intoxicated on the date alleged in the indictment, but he asserts that his two prior convictions are invalid and, thus, his present offense should be a misdemeanor rather than a felony.

Tyler's opening brief has been filed, and the State's brief is pending. But the State now asks us to dismiss Tyler's appeal for lack of jurisdiction. The State contends that Tyler's appeal is based on an invalid *Cooksey* plea.[2]

Attorney Eugene B. Cyrus represents Tyler. In his opening brief, Mr. Cyrus declared that Tyler went to trial on stipulated facts in order to preserve his attacks on his two prior convictions.[3] Mr. Cyrus stated the same thing in paragraphs 4–6 of an affidavit that he previously filed in this case.[4]

But the State contends that this is false—that there was no trial. Rather, Tyler entered a *Cooksey* plea—a plea of no contest to the felony DWI charge, reserving Tyler's right to attack his prior convictions on appeal. The State declares that Mr. Cyrus convinced the superior court to accept this *Cooksey* plea over the express objection of the prosecuting attorney. The State further contends that Tyler's *Cooksey* plea is invalid because the issue preserved for appeal—the validity of Tyler's prior convictions—is not dispositive of whether Tyler could lawfully be convicted of felony DWI. (The State's argument on this point is explained in more detail below.)

Mr. Cyrus has filed an opposition to the State's motion to dismiss. However, Mr. Cyrus concedes that the State's version of events is correct—that there was no trial,

and that Tyler entered a *Cooksey* plea over the objection of the prosecutor. Mr. Cyrus nevertheless argues that, even though Tyler was convicted based on a *Cooksey* plea rather than a trial verdict, the *Cooksey* plea was valid and thus Tyler's appeal should not be dismissed.

*The jurisdictional issue confronting this Court: whether an attack on a defendant's prior, foundational convictions is "dispositive" for purposes of entering a plea under Cooksey v. State*

In *Cooksey*, the Alaska Supreme Court announced an exception to the normal rule that a plea of guilty or no contest waives all non-jurisdictional defects in the prosecution. The court held that a criminal defendant need not go to trial to preserve an appellate issue that is dispositive of the defendant's case. Instead, the defendant and the State (with the trial court's approval) can stipulate that the defendant will enter a special kind of no contest plea—a plea that preserves the defendant's right to litigate the dispositive issue on appeal.[5]

 But in *Oveson v. Anchorage*[6], the supreme court declared that the validity of a *Cooksey* plea—and, thus, the appellate court's jurisdiction to hear the defendant's appeal—hinges on (1) whether the parties followed correct procedure in the trial court and (2) whether the issue preserved for appeal is in fact dispositive of the charge against the defendant.

[A]ppeals under the *Cooksey* doctrine will not be approved unless it is clearly shown, and the parties have stipulated with trial court approval, that [the appellate court's]

---

1. *See* AS 28.35.030(n).

2. *See Cooksey v. State*, 524 P.2d 1251, 1255–57 (Alaska 1974).

3. Tyler's opening brief states: "At a court trial, Tyler admitted to driving and being intoxicated at the time of driving. The sole issue was the validity of [Tyler's] prior misdemeanor convictions." Opening Brief of Appellant (filed March 5, 2001), page 3.

4. Mr. Cyrus's affidavit states:

[A]t trial, [Mr.] Tyler was in custody . . . . The trial was a "walk-through" trial. The facts were stipulated to; there was no witness testimony. The trial was to preserve the issue that [Tyler] should not be convicted of a felony [because] his two prior misdemeanor DWI [convictions] were invalid. After the trial, I assumed that there would be an appeal.

Affidavit of September 18, 2000, ¶¶ 4–6.

5. *Cooksey*, 524 P.2d at 1255–57

6. 574 P.2d 801 (Alaska 1978).

resolution of the issue reserved for appeal will be dispositive of the entire case.

*Oveson,* 574 P.2d at 803 n. 4.

■ Later cases have clarified that the appellate court has an independent duty to assess whether the issue preserved in a *Cooksey* plea is dispositive of the litigation. If it is not, then the appellate court has no jurisdiction to hear the defendant's appeal.[7]

There are two potential jurisdictional defects in Tyler's appeal.

First, Tyler's attorney convinced the superior court to accept a *Cooksey* plea over the objection of the prosecuting attorney. We have serious doubts whether this is legal.

■ As explained above, a defendant who pleads no contest normally waives all non-jurisdictional defects in the prosecution. *Cooksey* is an exception to this rule. Both this court and the supreme court have repeatedly stated that a *Cooksey* plea requires the consent of both the government and the defendant. Although we have never had to articulate the precise reasons for requiring the consent of both parties, it appears that one major reason for requiring the consent of the State is that a *Cooksey* plea gives the defendant a right of appeal that the defendant otherwise would not enjoy.

If this is the reason (or a primary reason) for requiring the State's consent to a *Cooksey* plea, then the superior court probably has no right to accept a *Cooksey* plea over the prosecutor's objection. Compare *State v. Carlson*[8], where the supreme court held that a trial judge has no authority to accept a guilty plea to a lesser included offense over the objection of the prosecutor.

■ However, we need not decide this issue in Tyler's case because there is a second defect in the *Cooksey* plea: the issue that Tyler has preserved for appeal is not dispositive of the felony charge against Tyler.

As explained above, Tyler preserved one issue for appeal: he argues that he should have been convicted of misdemeanor DWI rather than felony DWI because his two prior DWI convictions are invalid. Tyler asserts that his prior convictions are invalid because, in both cases, he did not knowingly waive his right to counsel when he entered his pleas to those convictions.

In its motion to dismiss this appeal, the State argues that Tyler's felony conviction might still be upheld even if we found that Tyler's pleas to the two prior DWIs were invalid. The State points out that even if Tyler is allowed to withdraw his pleas, the State would still be able to re-prosecute Tyler for DWI in those two prior cases. Potentially, the State could again obtain convictions for those crimes. And the State argues that if it succeeds in re-convicting Tyler of those two prior crimes, Tyler's current felony DWI conviction would still be valid.

In his opposition to the State's motion to dismiss, Tyler argues that the State's reasoning is flawed. Tyler contends that even if he is again convicted of the two misdemeanor DWIs, those convictions would be new—that is, they would no longer be "prior" to his current DWI conviction. Thus, Tyler asserts, even if he is ultimately re-convicted of the two earlier DWIs, his felony DWI conviction would still have to be reduced to a misdemeanor conviction.

Tyler cites three supreme court cases in support of his argument.[9] However, Tyler

---

7. *See Heuga v. State,* 609 P.2d 547, 548 (Alaska 1980); *Miles v. State,* 825 P.2d 904, 905 (Alaska App.1992); *Cronin v. Anchorage,* 635 P.2d 840, 842 (Alaska App.1981).

8. 555 P.2d 269 (Alaska 1976).

9. *Department of Public Safety v. Fann,* 864 P.2d 533, 537 (Alaska 1993) (holding that the superior court is empowered to consider the underlying validity of a prior DWI conviction that is being used as the basis for enhancing a period of license revocation); *Wik v. Department of Public Safety,* 786 P.2d 384, 387 (Alaska 1990) (holding

that, for purposes of determining whether a DWI defendant is subject to an enhanced sentence or an enhanced period of license revocation, the number of a defendant's prior convictions should be assessed as of the date of the defendant's latest arrest, not the date of the defendant's latest conviction); and *Tulowetzke v. Department of Public Safety,* 743 P.2d 368, 371 (Alaska 1987) (holding that, for purposes of determining whether a DWI defendant is subject to an enhanced sentence or an enhanced period of license revocation, prior convictions arising from separate incidents must be counted as separate convic-

fails to cite the supreme court decision that appears to govern his case: *McGhee v. State,* 951 P.2d 1215 (Alaska 1998).

In *McGhee,* the Division of Motor Vehicles revoked the defendant's driver's license following his arrest for DWI.[10] This period of revocation was increased because McGhee had two prior DWI convictions.[11]

After his license was revoked, McGhee filed a motion in district court attacking one of his prior DWI convictions. McGhee argued that he should be allowed to withdraw his plea because the judge failed to expressly advise him of his right to jury trial. McGhee was successful; the court allowed him to withdraw his plea. After obtaining this favorable ruling, McGhee immediately re-entered a no contest plea, and he was again convicted of the charge.[12]

Following this series of events, McGhee returned to the Division of Motor Vehicles and challenged the term of his license revocation. McGhee argued that he should not be subjected to the same revocation enhancement because, now, one of his "prior" convictions was no longer prior. McGhee asserted that even though he had been re-convicted of this offense, the conviction was now new— and, therefore, it could not be used to trigger the enhanced suspension period.[13]

After the Division of Motor Vehicles refused to modify the term of McGhee's license revocation, McGhee pursued an appeal to the supreme court. The supreme court rejected McGhee's argument and affirmed the enhanced license revocation period: "Because McGhee remains convicted of the same DWIs that subjected him to an enhanced revocation [in the first place], the temporary set-aside of the prior DWI requires no alteration of the original [license] revocation." [14]

Based on the supreme court's decision in *McGhee,* we conclude that Tyler's *Cooksey*

plea is not valid because the issue he preserved for appeal is not dispositive. Even if Tyler succeeds in convincing us that one or both of his prior DWI convictions should be overturned, the State will be entitled to reprosecute Tyler for those crimes—and if Tyler is again convicted of those earlier DWIs, his felony DWI conviction will stand.

Because Tyler did not enter a valid *Cooksey* plea, we must dismiss his appeal for lack of jurisdiction. This case is remanded to the superior court for further proceedings on the indictment. Because Tyler has not received the anticipated benefit of his plea (*i.e.,* the opportunity to litigate the validity of his prior convictions on appeal), he must be allowed an opportunity to withdraw his plea and go to trial.[15]

This appeal is DISMISSED.

---

tions, even though the trial court may have entered these convictions at the same time).

**10.** *See id.* at 1217. McGhee took and failed a breath test; *see* AS 28.15.165.

**11.** *See McGhee,* 951 P.2d at 1217. AS 28.15.165(d) incorporates the escalating suspension periods set forth in AS 28.15.181(c).

**12.** *See McGhee,* 951 P.2d at 1217.

**13.** *See id.* at 1218.

**14.** *Id.* at 1217.

**15.** *See Miles v. State,* 825 P.2d 904, 907 (Alaska App.1992).