NOTICE

*The text of this opinion can be corrected before the opinion is published in the* Pacific Reporter. *Readers are encouraged to bring typographical or other formal errors to the attention of the Clerk of the Appellate Courts:*

*303 K Street, Anchorage, Alaska 99501*
*Fax: (907) 264-0878*
*E-mail: corrections@akcourts.us*

IN THE COURT OF APPEALS OF THE STATE OF ALASKA

TERRI LORRAINE CHILCOTE,

Appellant,

v.

STATE OF ALASKA,

Appellee.

Court of Appeals No. A-13031
Trial Court No. 3KN-16-01633 CR

O P I N I O N

No. 2672 — July 31, 2020

Appeal from the District Court, Third Judicial District, Kenai, Sharon A.S. Illsley, Judge, and Martin C. Fallon, Magistrate Judge.

Appearances: Emily L. Jura, Assistant Public Defender, Quinlan Steiner, Public Defender, and Beth Goldstein, Acting Public Defender, Anchorage, for the Appellant. Timothy W. Terrell, Assistant Attorney General, Office of Criminal Appeals, Anchorage, and Kevin G. Clarkson, Attorney General, Juneau, for the Appellee.

Before: Allard, Chief Judge, and Wollenberg and Harbison, Judges.

Judge HARBISON.

Following a bench trial on stipulated facts, Terri Lorraine Chilcote was convicted of driving under the influence (DUI).[1] Chilcote had a prior misdemeanor DUI conviction from Virginia. Over Chilcote's objections, the district court concluded that this conviction qualified as a "prior conviction" for sentencing purposes, increasing the applicable mandatory minimum sentence.[2]

Chilcote appeals that decision, raising two arguments. First, Chilcote argues that Virginia's two-tiered system for adjudicating low-level crimes violated her due process rights under the Alaska Constitution because it allows the possibility of a harsher sentence after the second-tier trial. Second, she argues that the failure by the Virginia court to personally advise her of her right to a jury trial violated her fundamental rights under the Alaska Constitution.

For the reasons we explain in this opinion, we disagree with Chilcote's arguments and we therefore affirm the judgment of the district court.

*Procedural background*

Prior to sentencing, Chilcote argued that her prior DUI conviction from Virginia did not qualify as a "prior conviction" for purposes of enhancing the applicable mandatory minimum sentence. Specifically, Chilcote argued that her Virginia conviction was obtained in violation of her right to a jury trial because Virginia does not grant defendants the right to a jury trial for a misdemeanor DUI unless they are first convicted

---

[1]  AS 28.35.030(a).

[2]  *See* AS 28.35.030(b)(1)(B) (requiring the court to impose an increased mandatory minimum sentence if the person has been "previously convicted" once); AS 28.35.030(w)(4) (defining "previously convicted" as having been convicted in this or another jurisdiction of operating under the influence, refusal to submit to a chemical test, or operating a commercial vehicle under the influence, within the fifteen years preceding the date of the present offense).

at a bench trial and then appeal their conviction. Chilcote also argued that even if Virginia's two-tier system was generally permissible under the Alaska Constitution, the conviction was nevertheless obtained in violation of her fundamental rights under the Alaska Constitution because she was not personally advised that she could obtain a jury trial by appealing her conviction. The district court rejected those arguments.

> *Limits on the use of out-of-state convictions to enhance the mandatory minimum sentence under Alaska law*

In *Pananen v. State*, this Court held that a trial court could not rely upon a previous out-of-state conviction to enhance the mandatory minimum sentence for an Alaska conviction when the defendant was not entitled to court-appointed counsel in their out-of-state proceedings.[3] We reasoned that "an uncounseled conviction is simply too unreliable to be depended on for purposes of imposing a sentence of incarceration, whether that sentence is imposed directly or collaterally."[4]

In *State v. Peel*, we extended *Pananen* to out-of-state convictions in which the defendant was denied the right to a jury trial.[5] The State attempted to distinguish the right to counsel from the right to a jury trial, but we rejected that argument, determining that previous cases had concluded that both rights were "equally fundamental."[6]

---

[3]    *Pananen v. State*, 711 P.2d 528, 532 (Alaska App. 1985).

[4]    *Id.*

[5]    *State v. Peel*, 843 P.2d 1249, 1251 (Alaska App. 1992).

[6]    *Id.* (citing *Baker v. City of Fairbanks*, 471 P.3d 386, 395 n.14 (Alaska 1970)).

In *Dep't of Public Safety v. Fann*, the Alaska Supreme Court endorsed our decisions in *Pananen* and *Peel* in a civil license revocation case.[7] Citing both cases favorably, the court declared that "[i]f an out-of-state [DUI] conviction truly were entered in violation of a driver's fundamental rights, it would be manifestly unjust to allow that conviction to be used to enhance the license revocation."[8]

Finally, in *State v. Simpson*, this Court considered whether a defendant's prior DUI conviction from another state was a prior conviction for sentencing purposes when that other state did not recognize a motorist's right to an independent chemical test of their breath or blood.[9] We concluded that "even though the Alaska due process clause normally guarantees the right to an independent chemical test, the failure of another state to provide an equivalent guarantee does not bar the use of prior convictions from that state in Alaska."[10] We reasoned that a denial of the right to counsel or the right to trial by jury rendered the trial process itself "fundamentally flawed," but the denial of the right to an independent chemical test, although a "firmly established and important right in Alaska," did not have the same result.[11]

Reading these cases together, the current state of the law is that an out-of-state conviction obtained in violation of a defendant's "fundamental" rights under the Alaska Constitution cannot be used to enhance a defendant's minimum sentence on a

---

[7] *State, Dep't of Pub. Safety, Div. Of Motor Vehicles v. Fann*, 864 P.2d 533, 537 (Alaska 1993).

[8] *Id.*

[9] *State v. Simpson*, 73 P.3d 596, 597 (Alaska App. 2003).

[10] *Id.* at 600.

[11] *Id.* at 599.

subsequent conviction in Alaska. But the only rights that have been recognized as fundamental in this context are the right to counsel and the right to a jury trial.

With this background in mind, we turn to Chilcote's arguments on appeal.

*Chilcote's argument that Virginia's two-tier system violates the Alaska right to a jury trial because it allows for increased punishment after retrial*

Chilcote's prior DUI conviction was from Virginia. Virginia, like some other states, uses a two-tier system to adjudicate certain low-level offenses.[12] In the first tier, the case is tried before a judge, who makes findings of fact and renders a verdict. If the judge finds the defendant guilty, the defendant has the right to a de novo jury trial, as long as they file a timely appeal.

Chilcote argued in the trial court that this system violated her fundamental right to a jury trial under the Alaska Constitution, and that her Virginia conviction therefore could not be used to enhance her sentence in this case. Although Chilcote's argument on this point was brief, she appeared to be arguing that *all* two-tier systems violate the Alaska right to a jury trial because they require a defendant to be subjected to a bench trial before exercising their right to a jury trial.

On appeal, however, Chilcote no longer argues that Virginia's two-tier system violates the Alaska right to a jury trial. Instead, Chilcote identifies a separate aspect of the Virginia system that she contends is unconstitutional under Alaska law. Chilcote notes that a Virginia defendant who has been convicted and sentenced at a bench trial, and who then appeals that verdict and exercises their right to a jury trial, may

---

[12] *See* Va. Code Ann. § 16.1-123.1; 16.1-132; 16.1-136; *see also Colten v. Kentucky*, 407 U.S. 104, 112-14 (1972) (explaining that such systems are designed to provide speedier and less costly adjudications).

receive a harsher sentence if they are convicted by the jury. She argues that this possibility of a harsher sentence after a jury trial violates the Alaska Constitution's guarantee of due process.[13]

The State responds that we should review Chilcote's argument for plain error because her trial court pleadings only discussed Virginia's two-tier system in "a conclusory paragraph devoid of a single citation to authority." In other words, the State argues that Chilcote failed to preserve any challenge to Virginia's two-tiered system.

We agree with the State that we should review Chilcote's argument for plain error, but we disagree as to why. Contrary to the State's assertion, Chilcote's argument in the trial court was not so deficient that it failed to preserve any challenge to Virginia's two-tiered system for appeal. Although Chilcote's argument was abbreviated, she clearly articulated her objection — that Virginia's two-tiered system violated the right to a jury trial under the Alaska Constitution — and received a ruling on the merits. This was sufficient to preserve the argument that two-tiered systems, as a general matter, violate the Alaska jury trial right.[14]

Chilcote, however, does not argue on appeal that Virginia's system violated her right to a jury trial. Instead, she argues that Virginia's two-tiered system violated her right to due process under the Alaska Constitution because of the possibility of an enhanced punishment after retrial. This last argument turns on different facts about the nature of the Virginia judicial system and rests on a separate and distinct constitutional

---

[13] *Cf. Shagloak v. State*, 597 P.2d 142, 145 (Alaska 1979) (prohibiting the imposition of a more severe sentence after a defendant appeals their conviction and receives a new trial).

[14] *See Mahan v. State*, 51 P.3d 962, 966 (Alaska App. 2002) (holding that to preserve an argument for appeal the party must specify their grounds for objecting and obtain an adverse ruling).

right — the right to due process rather than the right to a jury trial. This argument was not preserved for appeal and we therefore review it for plain error.[15]

We conclude that no plain error occurred in this case. To establish plain error, "the error must be obvious, meaning that it should have been apparent to any competent judge or lawyer."[16] The supposed error at issue here turns on the application of the Alaska Constitution to Virginia's sentencing law. Given that Virginia's sentencing law was never discussed in the trial court proceedings, we can hardly say that any competent judge or lawyer in Alaska would have recognized the supposed error. Chilcote has therefore failed to establish plain error.

*Chilcote's argument that she was not advised of her right to a jury trial*

In addition to arguing that Virginia's two-tier system violated her right to a jury trial, Chilcote also claimed that, during the Virginia proceedings, she was not advised of her right to a jury trial.[17] Chilcote argued that this was a violation of her

---

[15]    *See Adams v. State*, 261 P.3d 758, 763-64 (Alaska 2011).

[16]    *Id.* at 764 ("Plain error is an error that (1) was not the result of intelligent waiver or a tactical decision not to object; (2) was obvious; (3) affected substantial rights; and (4) was prejudicial.").

[17]    During an evidentiary hearing, Chilcote testified that she did not remember being advised of her right to a jury trial, and an attorney from Virginia testified that most judges in Virginia who take guilty or no contest pleas in DUI cases do not advise the defendant of their right to a jury trial.

On appeal, the State concedes that, assuming this testimony was credible (an issue not expressly ruled on below), Chilcote presented sufficient testimony to rebut the presumption of regularity that attaches to an out-of-state conviction — *i.e.*, sufficient testimony for the district court to conclude that Chilcote had not been advised of her right to a jury trial.

The State's concession is supported by the Montana Supreme Court's opinion in *State*

(continued...)

"fundamental" rights under the Alaska Constitution and that, accordingly, the Virginia conviction could not be used to enhance her minimum sentence. She repeats that same argument on appeal.

The State argued in the trial court that it did not matter if Chilcote was advised of her right to a jury trial, as long as she did, in fact, have that right. In other words, the State argued that although a conviction that is obtained without affording a defendant the right to a jury trial prevents the use of the conviction to enhance a minimum sentence, the same is not true of a conviction that is obtained without providing the defendant with an advisement of the right to a jury trial. The State claimed that the former would be a violation of a "fundamental" constitutional right while the latter would not.

On appeal, however, the State now agrees with Chilcote that under our existing case law (*i.e.*, *Peel* and *Pananen*) a failure to advise a defendant of their right to a jury trial is a violation of a fundamental right. But the State does not agree that reversal is warranted. Instead, it urges us to affirm Chilcote's sentence on the alternative ground that (according to the State) *Peel* was wrongly decided to the extent that it held

---

[17]  (...continued)
*v. Ailport*, in which that court held that similar evidence (the defendant not recalling whether they were advised of a right to counsel, and an attorney from the jurisdiction stating that courts did not uniformly advise defendants of this right) was sufficient to rebut the presumption of regularity. *State v. Ailport*, 970 P.2d 1044, 1046-47 (Mont. 1998). Although the State's concession is ultimately not relevant to our decision, we mention it here because, in *Goins v. State*, our parenthetical description of the holding in *Ailport* was inaccurate, and we wish to note our error. *Goins v. State*, 2004 WL 1737602, at *4 n.29 (Alaska App. Aug. 4, 2004) (unpublished).

that anything other than a violation of the right to counsel precludes reliance on a conviction for sentencing enhancement purposes.[18]

Before accepting a concession, we must first conclude that the concession is well-founded.[19] We cannot do that here. Instead, in light of the supreme court's opinion in *McGhee v. State*, we conclude that the failure to advise a defendant of their right to a jury trial prior to taking a guilty plea is not a violation of a fundamental right.[20]

It is well-established in Alaska that a defendant must be advised of their right to a jury trial.[21] But neither *Peel* nor *Pananen* hold that a violation of the advisement requirement precludes reliance on an out-of-state conviction for sentencing purposes. As we explained at the beginning of this opinion, *Pananen* held that a denial of the *right to counsel* precluded reliance on an out-of-state conviction for sentencing enhancement purposes; *Peel* reached the same conclusion for a denial of the *right to a*

---

[18] The State also argues that both *Peel* and *Pananen* were wrongly decided for a separate reason. According to the State, we should reconsider our holdings that the validity of an out-of-state conviction should be assessed under the Alaska Constitution. The State asks that we instead announce a rule that would allow out-of-state convictions to be used to enhance the minimum sentence for an Alaska offense if the conviction was obtained in compliance with the federal constitution and the law of the issuing jurisdiction. Our resolution of this appeal does not require us to address this argument. Moreover, before overturning *Peel* and *Pananen*, we would first have to overturn our decision in *State v. Walker*. In *Walker*, we held that an appellee cannot ask this Court to affirm a lower court's ruling on an alternative ground when that ground would require this Court to overturn existing precedent. *State v. Walker*, 283 P.3d 668, 674-75 (Alaska App. 2012). But because our resolution of this appeal does not require us to address whether *Peel* and *Pananen* were wrongly decided, we also need not address the State's request that, as a threshold matter, we should overturn our decision in *Walker*.

[19] *See Marks v. State*, 496 P.2d 66, 67-68 (Alaska 1972).

[20] *See McGhee v. State*, 951 P.2d 1215, 1219 n.5 (Alaska 1998).

[21] *See* Alaska R. Crim. P. 11(c)(2).

*jury trial*. Neither case addressed whether a failure to *advise* a defendant of their right to a jury trial is a violation of a fundamental constitutional right.

The supreme court, however, has addressed this issue and concluded that a failure to advise a defendant of their right to a jury trial before taking a guilty plea is *not* a violation of a fundamental constitutional right.[22] In *McGhee v. State*, McGhee argued, *inter alia*, that his prior DUI conviction was obtained in violation of his fundamental constitutional rights because the trial court failed to expressly advise him of his right to a jury trial.[23] The court, responding to this argument in a footnote, concluded that a failure to advise a defendant of their right to a jury trial was not a violation of a fundamental constitutional right but instead was only a "procedural flaw" under Criminal Rule 11(c)(2) — the rule of criminal procedure requiring an express advisement of the right to a jury trial.[24] The court further concluded that "[t]o the extent that the violation of Rule 11 might be characterized as constitution-related because the rule's advisement requirement effectuates the constitutional right to a jury trial, this is not the type of fundamental constitutional violation contemplated in *Fann*."[25] Thus, the supreme court has squarely held that a failure to advise a criminal defendant of their right to a jury trial is not a violation of a fundamental constitutional right.

In light of *McGhee*, we must reject the State's concession that a violation of the advisement requirement is a violation of a fundamental constitutional right under *Peel* and *Pananen*. In concluding that we are bound by *McGhee*, however, we do not mean to suggest that we would necessarily reach the opposite holding if the question

---

[22] *See McGhee*, 951 P.2d at 1219 n.5.

[23] *Id.* at 1219.

[24] *Id.* at 1219 n.5.

[25] *Id.*

were presented to us as an issue of first impression. There are good reasons to conclude that a failure to advise a defendant of their right to a jury trial does not make a guilty plea "fundamentally flawed," and therefore should not be treated as a fundamental right for purposes of determining whether a prior conviction may be used to enhance a sentence.[26]

As we discussed in *Simpson v. State*, one useful point of comparison in determining whether there has been a violation of a fundamental right is whether the right in question has been applied retroactively since its adoption.[27] As we noted, if a violation of the right in question rendered any resulting conviction fundamentally unfair, the rule would have been applied retroactively.

Alaska has never expressly considered whether its advisement requirement applies retroactively.[28] But federal courts have considered whether closely analogous rules apply retroactively and have concluded that they do not.

In *McCarthy v. United States*, the United States Supreme Court held that when a district court accepts a guilty plea and fails to fully comply with Federal Rule of Criminal Procedure 11 (the federal analogue to Alaska Criminal Rule 11, similarly designed to ensure that a defendant's plea is voluntary and intelligent), the guilty plea must be set aside and the case remanded for another hearing.[29] Shortly after *McCarthy* was decided, the Supreme Court issued *Halliday v. United States*, which held that

---

[26] *See Simpson v. State*, 73 P.3d 596, 599 (Alaska App. 2003) (holding that the failure to advise of the right to an independent chemical test does not implicate a fundamental right).

[27] *Id.* at 600.

[28] *See Swenson v. Anchorage*, 616 P.2d 874, 879 (Alaska 1980) (holding that a Rule 11 violation was subject to a case-specific inquiry, similar to other non-constitutional errors).

[29] *McCarthy v. United States*, 394 U.S. 459, 468-472 (1969).

*McCarthy* did not apply to pleas accepted prior to the date *McCarthy* was issued.[30] The Court reasoned that although "strict compliance with Rule 11 enhances the reliability of the voluntariness determination, . . . a defendant whose plea has been accepted without full compliance with Rule 11 may still resort to appropriate post-conviction remedies to attack his plea's voluntariness."[31] Thus, the Court concluded that retroactive application of the prophylactic requirements of Rule 11 was not necessary because the defendant had another mechanism to correct a violation of the underlying constitutional right being protected.

In *Boykin v. Alabama*, the Supreme Court held that it was error for a state court to accept a guilty plea to a robbery charge without an affirmative record showing that the plea was made intelligently and voluntarily.[32] This affirmative record must demonstrate, *inter alia*, that the defendant was aware of and voluntarily waived three important constitutional rights: the privilege against compulsory self-incrimination; the right to trial by jury; and the right to confront one's accusers.[33] Drawing on the Supreme Court's refusal to apply *McCarthy* retroactively in *Halliday*, federal circuit courts subsequently reached the same conclusion about the "closely parallel question" of whether *Boykin* should apply retroactively.[34] The refusal to apply *McCarthy* and *Boykin*

---

[30] *Halliday v. United States*, 394 U.S. 831, 833 (1969).

[31] *Id.* at 832-33.

[32] *Boykin v. Alabama*, 395 U.S. 238, 242-44 (1969).

[33] *Id.* at 243.

[34] *Perry v. Crouse*, 429 F.2d 1083, 1085 (10th Cir. 1970); *see also United States v. White*, 997 F.2d 1213, 1216 (7th Cir. 1993); *Dominguez v. Henderson*, 447 F.2d 207, 209 (5th Cir. 1971); *United States ex rel. Rogers v. Adams*, 435 F.2d 1372, 1373-75 (2d Cir. 1970); *United States ex rel. Hughes v. Rundle*, 419 F.2d 116, 118 (3d Cir. 1970); *Smith v.*
(continued...)

retroactively suggests that a failure to advise a defendant of their right to a jury trial does not render any resulting guilty plea fundamentally flawed.

The analysis in *McGhee* is brief and relegated to a footnote, but we are no less bound by its holding, and the federal line of cases discussed in the previous two paragraphs suggest that this holding was correct. For these reasons, we must reject the State's concession that a failure to advise a defendant of their right to a jury trial is a violation of a "fundamental right" under the Alaska Constitution such that the conviction cannot be used for sentencing enhancement purposes in Alaska. Because we reject the State's concession on this point and conclude that *McGhee* controls, we need not reach the State's alternative argument for affirmance that *Pananen* and *Peel* were wrongly decided.

*Conclusion*

The judgment of the district court is AFFIRMED.

---

[34] (...continued)
*Cox*, 435 F.2d 453, 457 (4th Cir. 1970), *vacated on other grounds by Slayton v. Smith*, 404 U.S. 53 (1971); *Meller v. Missouri*, 431 F.2d 120, 124 (8th Cir. 1970); *Moss v. Craven*, 427 F.2d 139, 140 (9th Cir. 1970).